**John H. CALOMERIS, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**

**No. 12518.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1955.

Decided April 14, 1955.

Mr. Jules G. Korner, III, Washington, D. C. (appointed by this Court), for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. Harold H. Greene, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, WILBUR K. MILLER and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Tried under an indictment which charged in two of its counts that on or about July 27, 1951, he purchased and facilitated the concealment of a capsule containing a heroine mixture, John H. Calomeris was found guilty by a jury January 7, 1952. On appeal to this court the judgment of conviction was affirmed. 1953, 92 U.S.App.D.C. 396, 202 F.2d 211.

August 4, 1954, Calomeris filed in the District Court a motion for a new trial on the ground of newly discovered evidence. He supported the motion with an affidavit made by one Lawrence Washington. The affiant stated that on July 24, 1951, he borrowed appellant's automobile for a three-day trip; that on his return to the District of Columbia and on the evening of July 27 he parked the car and went with his friend "Pretty Boy" Willie Williams to a "floating crap game," first putting a capsule of heroin under the floor mat on the driver's side because he did not want to have it on his person if the gambling game were raided. When he and Pretty Boy returned to the car, Calomeris was sitting in front next to the driver's seat. Pretty Boy got in the back seat and Washington took the wheel and drove away. They were stopped by narcotics agents and arrested. All three disclaimed ownership of a marihuana cigarette found by an officer on the floor of the back seat. On examination, the U. S. Commissioner dismissed Washington and Williams but held Calomeris to await action of the grand jury.

Such is the substance of the affidavit of a prospective witness who did not testify at the trial and whose evidence, it is said, would probably cause a jury to acquit Calomeris if a new trial were awarded. The district judge who presided at the trial denied the motion for a new trial without a hearing and this appeal followed.

A denial of such a motion is not to be disturbed on appeal except for clear abuse of discretion. We find no such abuse here. It is quite clear that Washington's evidence as outlined in his affidavit was not newly discovered when the motion for a new trial was made August 4, 1954. In that motion the appellant said:

"E. Defense Counsel, moved the Court to set aside verdict on approximately the twenty-fifth (25) of January, 1952. The defendant, while waiting for disposition of aforesaid motion was lodged with a group of prisoners in the detention pen at the Court House; and met,

Lawrence Washington, who had been originally arrested with defendant and was exonerated by the United States Commissioner on July 28th, 1951.

"F. The said Lawrence Washington, approached the defendant and confessed that, he was the culprit, who had deposited the capsule of heroin beneath the mat in the defendant's car, by the driver's seat on July 27th, 1951, and that he would testify to aforesaid confession in Court. The defendant, immediately conveyed this statement to his lawyer.

"G. The defendant's counsel, attempted to have Lawrence Washington testify at the aforesaid hearing on January 25th, 1952. However, defense counsel was denied the right, to have Lawrence Washington's testimony heard on the ground that he was addicted to drugs; therefore his testimony, at the time, would be incoherent."[1]

Thus appellant said that in January, 1952, before he was sentenced, he knew the alleged facts which are set forth in Washington's affidavit filed August 4, 1954, in support of the motion for a new trial with which we are now concerned.

It is observed that Washington's revelation of January, 1952, was not drawn to the District Court's attention until a few days after the three-year statute of limitations had run in his favor. This indicates that Washington was unwilling formally or publicly to admit his own guilt until the passage of time had insulated him from prosecution, or that Calomeris did not desire to expose his friend to that danger. Because of either of these considerations, it may have been that as a practical matter Washington's evidence was not available to Calomeris until limitation had shielded the new witness from the consequences of confession, even though he could have

obtained a subpoena for Washington at any time. But the evidence was not newly discovered.

Affirmed.

---

1. This statement is incredible on its face. Defense counsel may have concluded, and probably did conclude, it was unwise to use Washington, but of course the trial court did not prevent him from doing so.